IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHLEY BERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 02: 08-cv-0205 |
| | ) |
| GEORGETOWN INN, LTD., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER OF COURT**

October 9, 2009

Presently before the Court for disposition is the MOTION FOR SUMMARY JUDGMENT, with brief in support, filed by Defendant, Georgetown Inn, Ltd. (*Document No 27-1 and 27-2,* respectively), Plaintiff's brief in opposition (*Document No. 34*), and the REPLY BRIEF filed by Defendant (*Document No. 40*).

The issues have been fully briefed and the factual record has also been thoroughly developed via DEFENDANT'S APPENDIX IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT (*Document No. 27*), DEFENDANT'S STATEMENT OF MATERIAL FACT (*Document No. 27-2*), the APPENDIX TO PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (*Document No. 37*), and the PLAINTIFF'S STATEMENT OF MATERIAL FACT PRECLUDING SUMMARY JUDGMENT (*Document No. 36*).

On September 11, 2009, the Court heard oral arguments from counsel on the motion. All parties were represented by counsel who presented and argued the issues skillfully and effectively.   The matter is now ripe for disposition.

After a careful consideration of Defendant's motion, the filings in support and opposition thereto, the memoranda of the parties, the relevant case law, and the record as a whole, the Court finds that there are genuine issues of material fact which remain surrounding the issue of whether Plaintiff's gender and pregnancy were motivating factors in Georgetown Inn's decision to terminate her employment. Accordingly, the motion for summary judgment will be denied as to Plaintiff's claims brought pursuant to Title VII and the Pennsylvania Human Relations Act. With consent of counsel for Plaintiff, the motion for summary judgment will be granted as to Plaintiff's claims brought pursuant to the Family Medical Leave Act ("FMLA").

### PROCEDURAL BACKGROUND

Plaintiff, Ashley Berry, brought this lawsuit on February 15, 2008, by the filing of a five-count Complaint against her former employer, Georgetown Inn, Ltd. Plaintiff alleges that her employment with Defendant was unlawfully terminated because of her gender and pregnancy in violation of Title VII, 42 U.S.C. § 2000e-2(a)(1), and the Pennsylvania Human Relations Act ("PHRA"). The Complaint also includes claims under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(a)(1) and (2). However, Plaintiff consents to summary judgment being entered on her FMLA claims as discovery revealed that while Defendant employed fifty (50) employees at times it did not have the requisite number of employees for twenty (20) or more calendar workweeks.

Defendant has filed the instant motion for summary judgment in which it contends that it is entitled to judgment as a matter of law because Plaintiff is unable to establish a *prima*

*facie* case on her Title VII claims. In the alternative, Defendant argues that Plaintiff's employment was terminated for legitimate, nondiscriminatory reasons, namely not "because she was a woman or pregnant, but because she refused to come to work and had not given the required prior notice." Def's Br. at 10.

### BACKGROUND

As the law requires, all disputed facts and inferences are to be resolved most favorable to the Plaintiff.   As is readily apparent, the summary judgment record is fraught with genuine issues of material fact which preclude the granting of summary judgment.

Plaintiff began working as a bus person for Defendant Georgetown Inn in August of 2002, when she was fifteen years old.  Plaintiff continued to work as a bus person for Defendant until August 12, 2006, when she asked to begin her maternity leave.

In June 2006, Debra Volkwein ("Volkwein"), the Manager of Georgetown Inn, asked Plaintiff if she was pregnant and Plaintiff responded that she was in fact pregnant and that her due date was August 22, 2006.  Volkwein then told Plaintiff that she would take her off the schedule two (2) weeks before Plaintiff's due date.  In her deposition, Volkwein denied ever telling Plaintiff that she was planning on taking her off the schedule.

In late July of 2006, Plaintiff fell down a set of steps while at work.  She was required to go to the Emergency Room and Plaintiff was told to call the Georgetown Inn and report how she was doing and how the baby was doing.  Before Defendant would allow her to return to work, she was required to provide a note from her doctor stating that she was capable of returning to work and outlining any restrictions. According to Plaintiff, this was the one and only time she was asked to provide any type of note or documentation related to her pregnancy.

Plaintiff got the note from her physician allowing her to return to work with no restrictions, provided the note to Defendant, and resumed working. In her deposition, Volkwein claims that although Berry was asked to provide a note, she failed to do so.

Volkwein was on vacation for much of the month of August. She usually created the schedule a little more than a full week ahead of time; however, because she was to be away for most of August, she created and posted the entire schedule for the month of August before she left. However, Volkwein failed to take Plaintiff off the August work schedule.

When Plaintiff saw the August schedule at the beginning of the month, she attempted to have Defendant accommodate her pregnancy by allowing her to not work on Saturdays as that was a difficult day for her because of the large volume of customers on Saturdays. According to Plaintiff, she spoke to either Nadine Herd ("Herd"), the Assistant Manager, or Amanda Manofo, the Hostess / Assistant Manager/ Manager on Duty. Plaintiff was told that she would be taken off the schedule for Saturdays.

During the week of August 9, 2006, Plaintiff noticed that her name had been placed back on the Saturday schedule and she again spoke with Herd. At that time, Plaintiff erased herself off the schedule in Herd's presence. However, when Plaintiff returned to work a few days later, she noticed that she had been placed back on the schedule for Saturday, August 12.

Plaintiff then spoke to Michael Budway ("Budway"), the owner / shareholder of the Georgetown Inn, and explained to him that working Saturdays was especially hard on her because of the increased volume of customers on Saturdays. Plaintiff told Budway that she had previously spoken to Herd about the situation. Budway replied by telling Plaintiff that she had to work Saturdays.

Plaintiff was scheduled to work at 4:00 P.M. on Saturday, August 12, 2006. At approximately 10:00 a.m. that morning, she called Defendant and spoke with Herd. Plaintiff told Herd that she was not feeling well and asked Herd if she could begin her maternity leave immediately. Plaintiff again explained that Volkwein was supposed to have removed her from the schedule two weeks before her due date. Herd told Plaintiff that she could immediately begin her maternity leave and that it was not necessary for her to provide a doctor's note or do anything further. Herd asked Plaintiff to keep the Defendant updated as to her status as to when she could return to work. Contrary to Plaintiff's position, Herd testified in her deposition that she told Plaintiff that she would have to get approval from Budway to begin her maternity leave as Herd did not have the authority to approve maternity leave.

Plaintiff delivered her baby on August 26, 2006. Within a week of having her baby, Plaintiff began visiting the Georgetown Inn approximately once a week. During these visits, Plaintiff was asked by Volkwein, Herd, and Lacey Twigg (a waitress, bartender and hostess) when she would be returning to work. Plaintiff replied that she was planning on coming back to work in a couple of weeks.

On or about October 6, 2006, Plaintiff called Volkwein about returning to work and being placed back on the schedule. Volkwein told her that she needed to talk to Budway about returning. Plaintiff attempted to reach Budway a number of times by telephone but to no avail. So, on October 13, 2006, Plaintiff went to the Georgetown Inn to see Budway in person.

When Plaintiff arrived at the Georgetown Inn, she saw Budway near the hostess station. She told him that she had called Volkwein because she was ready to return to work and that Volkwein had advised that she needed to talk to Budway. Budway simply told Plaintiff

that he was not looking for anybody right now and then walked away.  Plaintiff contends that Budway said nothing to her which indicated that she had been terminated or that she was not being allowed to return to work because she had refused to come to work on Saturday, August 12, 2006.  In contrast, Budway claims that he told Plaintiff on October 13, 2006, that "she was no longer employed because she refused to come in that Saturday."  Contrary to Plaintiff's position, Defendant also contends that October 13, 2006, was the first time that Plaintiff had returned to the Georgetown Inn since the birth of her child in August.

## Discussion

Both Title VII and the PHRA prohibit employment discrimination based on an individual's sex.  42 U.S.C. 2000e-2(a); 43 P.S. §§ 951 *et seq*.  The prohibition is breached "whenever an employee's pregnancy [or related medical condition] is a motivating factor for the employer's adverse employment decision."  *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 858, 364 (3d Cir. 2008) (*quoting In re: Carnegie Ctr. Assoc.*, 129 F.3d 290, 294 (3d Cir.1997)).

To establish a *prima facie* case of pregnancy discrimination, Plaintiff must establish the following: (i) she is a member of a protected class; (ii) she was qualified for the position from which she was terminated; (iii) she suffered an adverse employment action; and (iv) she was discharged under conditions that give rise to an inference of unlawful discrimination.  *Doe,* 527 F.3d at 365 (*citing Geraci v. Moody-Totttrup, Int'l, Inc.*, 82 F.3d 578, 580 (3d Cir. 1986)).  In a pregnancy discrimination case, as part of the first prong of her *prima facie* case, the plaintiff must adduce evidence that she was pregnant, and, that the employer knew she was pregnant.  *Geraci*, 82 F.3d at 580-81.

As to the first prong, there is no dispute that Plaintiff is a woman who had a baby in August 2006. However, there is a dispute as to whether Defendant knew that Plaintiff was pregnant. In a sworn position statement submitted to the EEOC, Budway claimed that Plaintiff never told anyone that she was pregnant, he specifically denied that Plaintiff ever told Volkwein that she was pregnant, or that she ever requested or had been granted maternity leave. He made such a claim even though Volkwein admits that Plaintiff told her she was pregnant and that Volkwein then informed Budway that Plaintiff was pregnant. Additionally, Budway allegedly attended a baby shower that was given for Plaintiff during her employment.

Further, Defendant contends that "[w]hen Plaintiff returned to the Georgetown Inn in October 2006 to request to be put back on the schedule she was no longer pregnant and therefore no longer a member of a protected class for which she claims to be a member." Reply Br. at 2.

There does not appear to be any dispute as to the second prong. In fact Defendant concedes that Plaintiff has established that she is qualified for the position of a bus person because she has been trained and previously held the position for an extended period of time "before she quit." Reply at 2.

As to the third prong, Defendant argues that Plaintiff did not suffer an adverse employment action because she "quit her job." Budway claimed in his letter to the EEOC and in his written discovery answers that Plaintiff's employment was not terminated, but rather that she quit her position when she refused to work on August 12, 2006. However, in his deposition, Budway contradicted his prior statements and stated that Plaintiff was terminated for not showing up for work on August 12, 2006.

7

Finally, as to the fourth prong, it is Defendant's position that Plaintiff, if believed to have been terminated, was not terminated due to her pregnancy, but rather she was terminated because she failed to come in for her scheduled August 12, 2006 shift.

In the instant case, the Court finds and rules that genuine issues of material fact exist which preclude the granting of summary judgment.

Additional contradictions also exist in the record which preclude summary judgment. For example, Volkwein testified that at the time Plaintiff was employed by Defendant it did not have any maternity leave policy in place. However, Budway claims that Georgetown Inn's medical and pregnancy leave policy is contained in the handbook, which policy requires that a pregnant employee notify him of her pregnancy. Twigg testified that there was never exactly a policy regarding maternity leave and Herd first testified that there was an informal maternity leave policy where the employee was required to give two weeks notice, but then testified that the employee only needed to give an ending date if not two weeks notice.

While there is a call off procedure / scheduling procedure listed in the employee handbook, the Court notes that there is no medical leave policy at all in the handbook and no policy which requires a doctor's note for a leave of absence.

For all these reasons, the Court concludes that the motion for summary judgment as to Plaintiff's Title VII claims should be denied. When the evidence is viewed in the light most favorable to Plaintiff, as required on this type of motion, Plaintiff has made a *prima facie* showing of pregnancy discrimination. Disputed issues of material fact exist with regard to whether Defendant intentionally discriminated against Plaintiff because she was pregnant.

**CONCLUSION**

As discussed above, the Court finds that genuine issues of material fact exist and Defendant's motion for summary judgment on Plaintiff's pregnancy discrimination claims will be denied.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ASHLEY BERRY,              )
                           )
         Plaintiff,        )
                           )
     v.                    )     02: 08-cv-0205
                           )
GEORGETOWN INN, LTD.,      )
                           )
         Defendant.        )

## ORDER OF COURT

**AND NOW**, this 9th day of October, 2009, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED**, **ADJUDGED, AND DECREED** as follows:

(i) The Motion for Summary Judgment is **GRANTED**, with consent, as to Plaintiff's claims brought under the Family Medical Leave Act; and

(ii) The Motion for Summary Judgment is **DENIED** as to Plaintiff's claims brought under Title VII and the PHRA.

It is further **ORDERED** that Plaintiff shall file Pretrial Statement on or before **October 29, 2009** and Defendant shall file a Pretrial Statement on or before **November 19, 2009.** A Pretrial Conference is scheduled for **Monday, November 23, 2009** at 1:30 P.M.

                                                                        BY THE COURT:

                                                                        s/ Terrence F. McVerry  
                                                                        United States District Court Judge

cc:  Samuel J. Cordes, Esquire
   Ogg, Cordes, Murphy & Ignelzi
   Email: scordes@ocmilaw.com

   John E. Black , III, Esquire
   Ogg, Cordes, Murphy & Ignelzi
   Email: jblack@ocmilaw.com

   Michael F. Fives, Esquire
   Michael F. Fives & Associates
   Email: mff@fiveslaw.com