**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ASHLEY BERRY,                                        Civil Action

           Plaintiff,                          No.  08-205

           v.                                  Judge McVerry

GEORGETOWN INN, LTD.,

           Defendant.                          JURY TRIAL DEMANDED

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

    Plaintiff, Ashley Berry,   by undersigned counsel, requests that in addition to the standard charge, the jury be charged as follows:

**Gender Discrimination**

    1.     Ms. Berry has brought suit under Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act, alleging Defendant Georgetown Inn, LTD, discriminated against her because of her pregnancy when it fired her in 2006.

    Title VII provides in relevant part:

> It shall be an unlawful employment practice for an employer to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment because of such individual's sex.

42 U.S.C. § 2000e-2(a)(1)

The Pennsylvania Human Relations Act provides in relevant part:

> It shall be an unlawful discriminatory practice for any employer because of sex to discharge from employment such individual, or to otherwise discriminate against such individual with respect to compensation, hire, tenure, terms, conditions or privileges of employment.

1

43 Pa. Cons. Stat. Ann. § 955(a) et seq.

Title VII further provides:

> The terms "because of sex" or "on the basis of sex" include, but are not limited to, "because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth or related medical conditions shall be treated the same for all employment related purposes–included receipt of benefits under fringe benefit programs, as other persons not so affected, but similar in their ability or inability to work.

42 U.S.C. §2000e(k).

These laws protect people from employment decisions when their pregnancy or pregnancy related medical conditions are a motivating factor in that decision. A woman is therefore protected from discharge because she was pregnant, or because of any pregnant-related medical conditions.

Authority:

42 U.S.C. § 2000e-2(a)(1); 42 U.S.C. § 2000e-2(m); 42 U.S.C. §2000e(k); 43 Pa. Cons. Stat. Ann. § 955(a); 29 C.F.R. pt. 1604, App; *Desert Palace, Inc v. Costa*, 539 U.S. 90, 101 (2003); *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 363-64 (3d Cir. 2008).

Approved_____        Denied_____        Approved as Modified_____

**Objection:**

Defendant objects to the above suggested jury instruction on two grounds. First, whether the Plaintiff was actually discharged or voluntarily quit is a fact to be decided by the jury. Any language implying that the Plaintiff was discharged by Defendant, therefore, will lead to confusion for the factfinder. Second, this is a pretext, disparate treatment case. See Watson v. SEPTA, 207 F.3d 207, 214-216 (3d Cir. 2000) (showing that when an employer provides a single, legitimate, and nondiscriminatory reason for an alleged unlawful discharge, "the jury must be charged that in order to find for the plaintiff, it must conclude that consideration of the impermissible factor [for

2

the alleged unlawful discharge] was a "determinative factor" in the adverse employment action").

Accordingly, Defendant objects to the less stringent standard of proof (a "motivating" factor) that

the above instructions implies.

2.      These laws protect individuals rather than sexual groups from discrimination

because of their pregnancy   Thus, the mere fact that the employer may have hired or retained other

women or other pregnant women does not mean that it did not discriminate against Berry because

of her pregnancy.  Rather, the question is whether Defendant discharged **Berry** because of ***her***

***pregnancy***.

Authority:

*Goosby v. Johnson & Johnson Medical, Inc.*, 228 F.3d 313, 321 (3d Cir. 2000); *Pivirotto v. Innovative Sys., Inc.*, 191 F.3d 344, 353-54 (3d Cir. 1999).

Approved_____      Denied_____      Approved as Modified_____

**Objection:**

       The last sentence of the above instruction attempts to shift the burden of persuasion to the

Defendant which flies in the face of the precedent. In other words, the above instruction "ignores

[the Supreme Court's] repeated admonition that the Title VII plaintiff at all times bears the

"ultimate burden of persuasion."" St. Mary's Honor Center v. Hicks, 509 U.S. 502, 511-512

(1993). What is most important is that if the above wording is used, the factfinder would be greatly

confused as to who carries the burden of persuasion at trial. Accordingly, Defendant objects to the

language proposed.

       Defendant further objects because whether the Plaintiff was actually discharged or

voluntarily quit is a fact to be decided by the jury. Any language implying that the Plaintiff was discharged by Defendant, therefore, will lead to confusion for the factfinder.

3.      An employer is not excused from complying with the law merely because it  alleges that its discharge of the employee was part of a reduction or cutback in employees.   Individuals may not be selected for discharge on the basis of their pregnancy or pregnancy related medical condition.   An employer must have a pregnancy-neutral reason for deciding to discharge certain employees, even if it also discharges other employees at the same time.

Authority:

*Tomasso v. Boeing Co.*, 445 F.3d 702, 707 (3d Cir. 2006); *Showalter v. Univ. of Pittsburgh*, 190 F.3d 213, 236-38 (3d Cir. 1999); *Marzano v. Computer Sci. Corp.*, 91 F.3d 497, 503-04, 508-09 n. 4 (3d Cir. 1996).

Approved_____        Denied_____        Approved as Modified_____

**Objection:**

An  employer's  reduction  or  cutback  in  employees  is  not  at  issue  in  this  dispute. This instruction, therefore, is irrelevant and would confuse the factfinder.

4.      To prevail on her claim for pregnancy discrimination, Ms. Berry must prove, by a preponderance of the evidence, that her pregnancy or pregnancy related medical condition was a motivating factor in Defendant's decisionmaking process.   Ms. Berry need not prove that her pregnancy or pregnancy-related medical condition was the sole cause of the employer's decision. Even if you find that other factors played a role in the employer's decision to discharge Ms Berry you  should  find  for  the  plaintiff  if  you  find  that  her  pregnancy  or  pregnancy-related  medical

condition was a motivating factor in that decision.

Authority:

42 U.S.C. § 2000e-2(m); *Desert Palace Inc. v. Costa*, 539 U.S. 90, 101-02 (2003); *Doe v. C.A.R.S. Protection Plus, Inc.,* 527 F.3d 358, 364 (3d Cir. 2008); *In re Carnegie Ctr. Assoc.*, 129 F.3d 290, 294 (3d Cir. 1997);  *Miller v. Cigna Corp.*, 47 F.3d 586, 598-99 (3d Cir. 1995)(en banc).

Approved:_____        Denied_____        Approved as Modified_____

**Objection:**

Defendant objects to the above suggested jury instruction on two grounds. First, whether the Plaintiff was actually discharged or voluntarily quit is a fact to be decided by the jury. Any language implying that the Plaintiff was discharged by Defendant, therefore, will lead to confusion for the factfinder. Second, this is a pretext, disparate treatment case. See Watson v. SEPTA, 207 F.3d 207, 214-216 (3d Cir. 2000) (showing that when an employer provides a single, legitimate, and nondiscriminatory reason for an alleged unlawful discharge, "the jury must be charged that in order to find for the plaintiff, it must conclude that consideration of the impermissible factor [for the alleged unlawful discharge] was a "determinative factor" in the adverse employment action"). Accordingly, Defendant objects to the less stringent standard of proof (a "motivating" factor) that the above instructions implies.



5.      To prove that she was discriminated against by Defendant, Ms. Berry need not prove hatred or even dislike.  She need only prove, by a preponderance of the evidence, that there was a difference in treatment, that it was the result of purposeful actions and not accidental, and that her pregnancy or pregnancy related medical condition was a motivating factor in the

treatment–that is, her pregnancy or pregnancy-related medical condition made a difference in the employer's decision to discharge her.

Authority:

*Goodman v. Lukens Steel Co.*, 482 U.S. 656, 668-69 (1987); *Ferrill v. Parker Gp.*, 168 F.3d 468, 472-73 (11th Cir. 1999).

Approved_____     Denied_____     Approved as Modified_____

**Objection:**

Defendant objects to the above instruction for the same reasons as discussed in the objection to Plaintiff's Proposed Jury Instruction 1 and 4.


6.      The law's protection against pregnancy discrimination is not limited to perfectly qualified employees.  The law does not merely protect employees who are perfect from the standpoint of the employer; such an employee needs no protection except from irrational employers.  It protects the imperfect employee from being denied employment because of her pregnancy.

Authority:

*Miller v. Cigna Corp.*, 47 F.3d 586, 598 (3d Cir. 1995)(*en banc*); *Shager v. Upjohn Co.*, 913 F.2d 398, 403 (7th Cir. 1990); *Mardell v. Harleysville Life Ins. Co.*, 31 F.3d 1221, 123 (3d Cir. 1994), *remanded for reconsideration on other grounds*, 514 U.S. 1034 (1995), *reaffirmed and reinstated in relevant part*, 65 F.3d 1072 (3d Cir. 1995).

Approved_____     Denied_____     Approved as Modified_____

**Objection:**

Plaintiff's qualifications are not at issue in this dispute. This instruction, therefore, is irrelevant and would confuse the factfinder.

7.      In determining whether Ms. Berry's pregnancy or pregnancy related medical condition was a motivating factor in Defendant's decision to fire her, you may consider direct evidence, circumstantial evidence, and indirect evidence.  Ms. Berry can meet her burden by means of indirect proof without presenting any direct evidence specifically relating to her pregnancy or pregnancy-related medical condition.

Authority:

*Desert Palance, Inc. v. Costa*, 539 U.S. 90, 99-100 (2003); *Sheridan v. El Dupont deNemours Co.*, 100 F.3d 1061, 1071 (3d Cir. 1996)(*en banc*); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804-05 (1973); *Bruno v. W.B. Saunders Co.*, 882 F.2d 760, 766 (3d Cir. 1989).

Approved_____      Denied_____      Approved as Modified_____

**Objection:**

This instruction concerning direct and indirect evidence is covered in Plaintiff's suggested instruction 8. Accordingly, it is redundant and will confuse the factfinder. Defendant further objects to the above instruction for the same reasons as discussed in the objection to Plaintiff's Proposed Jury Instruction 1 and 4.

8.      Ms. Berry may meet her burden in either of two ways.  First, she can show directly, by a preponderance of the evidence, that her pregnancy or pregnancy related medical condition was a motivating factor in  the employer's decision.  However, because direct evidence is rare, if you do not find that Ms. Berry has shown directly that her pregnancy or pregnancy related medical condition was a motivating factor in the employer's decisionmaking process, then Ms. Berry can

meet his burden through indirect evidence that:

1.  She is a member of a protected class; that is she was pregnant or had pregnancy related medical conditions and the employer had knowledge of her pregnancy or pregnancy related medical condition.

2.  At the time Ms Berry was fired, she was qualified for the position she held.

3.  She was discharged.

4.  Defendant retained employees who were not pregnant, or treated non-pregnant similarly situated employees more favorably.

Once these facts have been established, it is Ms. Berry's burden to persuade you, by a preponderance of the evidence, that Defendant fired her because of her pregnancy or pregnancy-related medical condition.

You may infer that Ms Berry has met his burden if you find that the four facts set forth above have been established, and you further disbelieve the Defendant's explanation for why it fired Ms Berry. That is, you may find for Ms. Berry if you find that the employer's articulated reason for discharging her was a pretext or a coverup for illegal discrimination.

Authority:

*Desert Palace, Inc. v. Costa,* 539 U.S. 90, 99-100 (2003); *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000); *Abramson v. William Patterson College of N.J.*, 260 F.3d 265, 281 (3d Cir. 2001); *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1071 (3d Cir. 1996)(*en banc*); *Tomasso v. Boeing Co.*, 445 F.3d 702, 706 n.4 (3d Cir. 2006); *Duffy v. Paper Magic Gp., Inc.*, 265 F.3d 163, 167 (3d Cir. 2001); *Pivirotto v. Innovative Sys., Inc.*, 191 F.3d 344, 354 (3d Cir. 1999); *Smith v. Borough of Wilkinsburg*, 147 F.3d 272, 280 (3d Cir. 1998).

Approved_____   Denied_____   Approved as Modified_____

**Objection:**

Defendant objects to the above instruction for the same reasons as discussed in the

objection to Plaintiff's Proposed Jury Instruction 1 and 4.[1]

Defendant further objects to the fourth prong of the prima facie case that must be proved by Plaintiff. Whether or not Defendant retained employees who were not pregnant is neither a sufficient nor a necessary condition to the prima facie case. Pivirotto v. Innovative Sysemts, Inc., 191 F.3d 344, 354 (3d Cir. 1999). The fourth element of a prima facie case for a Title VII case "requires that a plaintiff show some nexus between her pregnancy and the [alleged] adverse employment action." Doe v. C.A.R.S. Protection Plus, Inc., 527 F.3d 358, 365 (3d Cir. 2008). The evidence used to satisfy this nexus is that Plaintiff "was treated less favorably than similarly situated employees who are not in plaintiff's protected class." Id at 366. As such, Defendant objects to the first clause of the fourth prong of Plaintiff's suggestion for the prima facie case instruction.

Finally, Defendant objects to the entire final paragraph of the above instruction. First, this paragraph of the instruction concerns "pretext," a concept not properly explained to the jury. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) (clearly explaining that first comes the Plaintiff's prima facie case, followed by the Defendant's proffer of a legitimate reason for any alleged adverse employment action, and finishing with the Plaintiff's ultimate burden of proving intentional discrimination by a preponderance of the evidence). To meet this burden of persuasion by a preponderance of the evidence, however, the Plaintiff must show "*both* that the reason was false, *and* that discrimination was the reason." St. Mary's Honor Center v. Hicks, 509 U.S. 502, n. 4 (1993). "It is not enough to *dis* believe the employer. Even though… rejection of the defendant's proffered reason is enough at law to *sustain* a finding of discrimination, *there must be a finding of*

---

[1] As Plaintiff her admits, proving actual discharge is part of her burden of proof. Therefore, this is the *only* place in the

*discrimination*." Id. The above proposed instruction undercuts the strict burden of persuasion that the plaintiff carries at *all* times throughout a Title VII dispute. Id at 511.

## Pretext Evidence

9.      In determining whether Defendant's reason for firing Ms. Berry is a pretext for pregnancy discrimination, you may examine the reasons provided against a backdrop of Defendant's workplace culture.  Thus, among other things, you may consider evidence of the atmosphere at Defendant's workplace, and evidence of statements concerning pregnancy or pregnancy related medical conditions, or the need to miss work because of pregnancy or pregnancy-related medical conditions made by the employer or its agents.

Authority:

*McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-04 (1973); *Doe v. C.A.R.S. Protection Plus, Inc.,* 527 F.3d 358, 368-69 (3d Cir. 2008);  *Ryder v. Westinghouse Elec. Corp*., 128 F.3d 128, 132 (3d Cir. 1997); *cert denied*, 522 U.S. 1116 (1998); *Brewer v. Quaker State Oil Refining Corp*., 72 F.3d 326, 333-34 (3d Cir. 1995); *Abrams v. Lightoiler, Inc.,* 50 F.3d 1204, 1214 (3d Cir. 1995).

Approved_____  Denied_____       Approved as Modified_____

**Objection:**

Defendant objects to the above instruction for the same reasons as discussed in the objection to Plaintiff's Proposed Jury Instruction 1 and 4.

10.      In determining whether the reason offered by Defendant for firing Ms. Berry is a pretext for illegal pregnancy discrimination and/or retaliation, you may consider the reasonableness, or lack thereof, of Defendant's judgment to the extent it assists you in determining

---

jury instructions that should use any language like "discharge," "fired," "terminated," etc.

Defendant's state of mind.

Authority:

*Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 259 (1981); *Ash v. Tyson Foods, Inc.,* 546 U.S. 455, 457 (2006); *Fuentes v. Perskie*, 32 F.3d 759, 765 & n.8 (3d Cir. 1994); *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 332 (3d Cir. 1995); *Kiliszewski v. Overnite Transp. Co.,* 818 F. Supp. 128, 132 (W.D. Pa. 1993).

Approved_____     Denied_____     Approved as Modified_____

**Objection:**

        Defendant further objects to the above language "regarding the defendant's intermediate burden of producing evidence of a legitimate non-discriminatory reason for its actions." Watson v. SEPTA, 207 F.3d 207, 221 (3d Cir. 2000). "[W]hether the defendant has met its intermediate burden of production under the McDonnell Douglas [prima facie] test is a "threshold matter to be decided by the judge."" Id. (internal citation omitted). If Plaintiff can prove a prima facie case, then "the jury needs to be told two things: (1) it is the plaintiff's burden to persuade the jurors by a preponderance of the evidence that the… job… was denied because of [pregnancy]… and (2) the jury is entitled to infer, but need **not** infer, that this burden has been met if they find that the facts needed to make a prima facie case have been established **and** they disbelieve the defendant's explanation." Id. (internal citation omitted). "The jury need not be told anything about a defendant's burden of production." Id. Moreover, in Watson, reasonableness of the defendant's decision to terminate was held entirely irrelevant. See Id at 222 (finding no error in instructing a jury that a defendant's proffered reason for an adverse employment action does not need to be a good one or even truthful). Accordingly, Defendant objects to the above instruction..

11.     In determining whether the reasons offered by Defendant for firing Ms. Berry are pretexts for illegal pregnancy discrimination you may consider whether the employer changed the reasons it articulated after discharging Ms. Berry.  Thus, if the reasons Defendant has offered for Ms Berry's termination did not remain consistent beginning at the time they were offered and continuing throughout this litigation, you may find, from that fact alone, that the reasons offered are pretexts for discrimination.

Authority:

*Reeves v. Sanderson Plumbing Co.*, 530 U.S. 133, 147-48 (2000); *Abramson v. William Patterson College of New Jersey*, 260 F.3d 265, 284 (3d Cir. 2001); *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994); *Smith v. Borough of Wilkinsburg*, 147 F.3d 272, 281 (3d Cir. 1998); *Siegal v. Alpha Wire Corp.*, 894 F.2d 50, 55 (3d Cir. 1990).

Approved_____     Denied_____Approved as Modified_____

**Objection:**

Defendant objects to the above instruction for the same reasons as discussed in the objection to Plaintiff's Proposed Jury Instruction 1 and 4.

Defendant further objects to the above instruction for the same reasons as discussed in the second paragraph of the objection to Plaintiff's Proposed Jury Instruction 10.

12.     In determining whether the reasons offered by Defendant for firing Ms. Berry are pretexts for illegal pregnancy discrimination, you may consider whether Defendant departed from standard procedures when making its decision.  Therefore, if you find that Defendant  or failed to follow its own policies when it fired Ms. Berry,  you may find that the reasons offered are pretexts for discrimination.

Authority:

*Colgan v. Fisher Scientific*, 935 F.3d 1407, 1422-23 (3d Cir. 1991)(*en banc*), *cert denied*, 502 U.S. 941; *Wishkin v. Potter*, 476 F.3d 180, 187 (3d Cir. 2007); *Stewart v. Rutgers, the State Univ.*, 120 F.3d 426, 434 (3d Cir. 1997);*Woodson v. Scott Paper Co.*, 109 F.3d 913, 923 (3d Cir. 1997). *See also Village of Arlington Heights v. Metro. Hous. Development Corp.*, 429 U.S. 252, 267 (1977).

Approved_____          Denied_____          Approved as Modified_____

**Objection:**

      Defendant objects to the above instruction for the same reasons as discussed in the

objection to Plaintiff's Proposed Jury Instruction 1 and 4.

      Defendant further objects to the above instruction for the same reasons as discussed in the

second paragraph of the objection to Plaintiff's Proposed Jury Instruction 10.


      13.     In determining whether the reasons offered by Defendant for firing Ms. Berry's  are

pretexts for illegal pregnancy discrimination, you may consider whether Defendant failed to

consult with Ms. Berry's direct supervisor.

Authority:

*Duffy v. Wheeling Pittsburgh Steel Corp.*, 738 F.2d 1393, 1397-98 (3d Cir. 1984) (sufficient evidence of pretext where defendant claimed it fired plaintiff for poor performance but failed to consult immediate supervisor); *Hardin v. Hussman Corp.*, 45 F.3d 262, 265-66 (8th Cir. 1995) (sufficient evidence of pretext where employer failed to consult plaintiff's supervisor in deciding to discharge plaintiff in reduction in force, based on poor performance); *Walther v. Lone Star Gas Co.*, 952 F.2d 119, 124 (5th Cir. 1992) (reasonable jury could find it suspicious that decision-maker did not consult plaintiff's immediate supervisor before deciding to discharge him in a reduction in force).

Approved_____          Denied_____          Approved as Modified_____


**Objection:**

Defendant objects to the above instruction for the same reasons as discussed in the objection to Plaintiff's Proposed Jury Instruction 1 and 4.

Defendant further objects to the above instruction because poor performance and reduction in force are not issues in this dispute. This instruction, therefore, is irrelevant and would confuse the fact finder.

Finally, Defendant objects to the above instruction for the same reasons as discussed in the second paragraph of the objection to Plaintiff's Proposed Jury Instruction 10.


## Damages

14.      In the event you determine that Ms. Berry's pregnancy or pregnancy-related medical conditions was a motivating factor in Defendant's decision to fire her, then you must determine the amount of damages sustained by Ms. Berry.

Generally speaking, a person who is a victim of illegal discrimination and/or retaliation is entitled to be restored to the position he would have been in but for the discrimination/retaliation, with all lost monies and benefits.

In this case, Ms. Berry has alleged that, as a result of Defendant's intentional discrimination, she has suffered humiliation, emotional pain and inconvenience.

Plaintiff has the burden of proving any compensatory damages by a preponderance of the evidence.  If you determine that Ms. Berry has proven by a preponderance of the evidence that she has experienced humiliation, emotional pain and/or inconvenience you may award her damages for those injuries.  No evidence of monetary value of such intangible things as inconvenience and humiliation has been, or needs to be, introduced into evidence.  No exact standard exists for fixing

the compensation to be awarded for these elements of damages.  The damages you award must be fair compensation–no more and no less.

When considering the amount of monetary damages to which Ms. Berry may be entitled, you should consider the nature, character, and seriousness of any inconvenience and/or humiliation she felt.  You must also consider its extent or duration, as any award you must cover the damages endured by Ms. Berry since the wrongdoing, to the present time, and even into the future if you find as fact that the proofs presented justify the conclusion that Ms. Berry's humiliation, emotional pain and/or inconvenience have continued to the present time or can reasonably be expected to continue into the future.

Authority:

42 U.S.C. § 2000e-5(g)(1); *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 414-21 (1975); *Loeffler v. Frank*, 486 U.S. 549, 558 (1988); *Bolden v. SEPTA*, 21 F.3d 29, 33-35 (3d Cir. 1994); *Booker v. Taylor Milk Co.*, 64 F.3d 860, 864-68 (3d Cir. 1995); *Kelly v. Matlack, Inc.*, 903 F.2d 978, 984 (3d Cir. 1990); *Sinclair International Corp. v. Maxfield*, 766 F. 788 (3d Cir. 1985); *Gallo v. John Powell Chevrolet, Inc.*, 779 F. Supp. 804 (M.D. Pa. 1991).

Approved_____          Denied_____          Approved as Modified_____

**Objection:**

Defendant objects to the above instruction of damages due to its lack of completeness. The Model Civil Jury Instructions are very detailed and easily understandable by the factfinder in regard to damages. Plaintiff's proposed instructions for damages, however, omit essential language of these model instructions that would confuse the factfinder as to the extent of Plaintiff's proof to recover under Title VII. See Third Circuit Pattern Jury Instructions, § 5.4. For example, assuming Plaintiff can prove discrimination, Plaintiff must then prove actual injury from that discrimination

Case 2:08-cv-00205-TFM   Document 58   Filed 02/15/10   Page 16 of 20


to collect damages. Without this proper education on the assessment of damages in a Title VII case, the factfinder will not understand the Plaintiff's burden of proving damages, assuming discrimination is found. As such, the instructions would be slanted significantly in Plaintiff's favor. Therefore, Defendant objects to the above damages instruction proposed by Plaintiff.

### Punitive Damages

15.     Ms. Berry contends the acts of Defendant were done with malice or reckless indifference to her federally protected rights and that as a result there should be an award of what are called "punitive" damages.  You may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future.  You may award punitive damages even if you find that Ms. Berry suffered no actual injury, and so receives nominal rather than compensatory damages.

You may award punitive damages if you find by a preponderance of the evidence that a management official of Defendant personally acted with malice or reckless indifference to Ms. Berry's federally protected rights.  An action is with malice if a person knows that it violates the federal law prohibiting discrimination and does it anyway. An action is with reckless indifference if taken with knowledge that it may violate the law.

The purpose of punitive damages is to punish a defendant for a malicious or reckless disregard of federal rights, or to deter a defendant and others like the defendant from doing similar things in the future, or both.  Thus, you may consider whether to award punitive damages to punish Defendant.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award.  That is, in deciding the

amount of punitive damages, you should consider the degree to which Defendant should be punished for its wrongful conduct, and the degree to which an award of one sum or another will deter Defendant or others from committing similar wrongful acts in the future.

The extent to which a particular amount of money will adequately punish a defendant, and the extent to which a particular amount will adequately deter or prevent future misconduct, may depend upon the defendant's financial resources. Therefore, if you find that punitive damages should be awarded against Defendant, you may consider the financial resources of Defendant in fixing the amount of those damages.

Authority:

42 U.S.C.A. ⁊ 1981a(b)(1);  *Kolstad v. American Dental Association*, 527 U.S. 526, 534-35 (1999)

Approved_____          Denied_____          Approved as Modified_____

**Objection:**

Defendant objects to the above instruction for punitive damages and the remaining following punitive instructions (**except 18**) due to lack of completeness. The Model Civil Jury Instructions are very detailed and easily understandable by the factfinder in regard to punitives. Plaintiff's proposed instructions for punitive damages, however, omit essential language of these model instructions that would confuse the factfinder as to the extent of Plaintiff's proof to recover under Title VII. See Third Circuit Pattern Jury Instructions, § 5.4.2 For example, assuming Plaintiff can prove discrimination and actual damages are awarded, the jury "should consider whether actual damages standing alone are sufficient to deter or prevent defendant from against performing any wrongful acts it may have performed." Id at § 5.4.2. Without this proper education on the assessment of punitive damages in a Title VII case, the factfinder will not understand what

punitive damages are and when assessment of punitive damages is necessary.  The Plaintiffs proposed instructions omit any mention of the discretional nature of punitive damages or the facts that evidence of the Defendant's good faith attempt to comply with the law is a defense, Kolstad v. American Dental Assoc. 507 US 526(1999). As such, the instructions would be slanted significantly in Plaintiff's favor. Therefore, Defendant objects to the above and the following punitive damages instructions proposed by Plaintiff.

16.     It is not necessary for Ms. Berry to present direct evidence of malicious intent, or reckless indifference, on the part of  Defendant in order to justify an award of punitive damages against it. Such intent may be inferred by you from the nature of the acts committed by the Defendant and from the facts and circumstances surrounding such acts.

Authority:

42 U.S.C. § 1981a(b)(1); *Perry v. Larson*, 794 F.2d 279 (7th Cir. 1986); *Kolstad v. American Dental Association,* 119 S.Ct. 2118, 2128 (1999); *United States v. H.M. Branson Distributing Co.,* 398 F.2d 929 (6th Cir. 1968); *Zilig v. Prentice-Hall, Inc.,* 515 F.Supp 716 (S.D.N.Y. 1981).

Approved_____        Denied_____        Approved as Modified_____

17.     If you decide Ms. Berry is entitled to an award of punitive damages, the amount of such damages must be fixed by you. In doing so, you may consider any or all of the following factors:

      a.      The character of Defendant's act.

      b.      The nature and extent of harm to Ms. Berry that the Defendant caused or intended to cause. (in this regard, you may include the Ms. Berry's trouble and expense in seeking to protect her interests in legal proceedings and in her suit), and

c.      The wealth of Defendant insofar as it is relevant in fixing an amount that will punish it and deter it and others from like conduct in the future.

Authority:

*Alexander v. Riga,* 208 F.3d 419,430-432 (3d Cir. 2000); *Hennessy v. Penril DataComm Networks,* 69 F.3d 1344 (7th Cir. 1995); *Edwards v. Jewish Hospital,* 855 F.2d 1345, 1352 (8th Cir. 1988); *Hicks v. Brown Group Inc.,* 902 F.2d 630, 653 (8th Cir. 1990); *Goodwin v. Circuit Court,* 729 F.2d 541, 542-43 (8th Cir. 1984).

Approved_____        Denied_____        Approved as Modified_____

18.     The amount you assess as punitive damages need not bear any relationship to the amount you choose to award as compensatory damages and it is not necessary that you award compensatory damages to Plaintiff in order to assess punitive damages against Defendant, so long as you find in favor of Plaintiff and against Defendant on the question of liability.

Authority:

*Hennessy  v. Penril DataComm Networks,* 69 F.3d 1344, 1351-52 (7th Cir. 1995); *Edwards v. Jewish Hospital,* 855 F.2d 1345, 1352 (8th Cir. 1988);  *Hicks v. Brown Group Inc.,* 902 F.2d 630, 653 (8th Cir. 1990); *Goodwin v. Circuit Court,* 729 F.2d 541, 542-43 (8th Cir. 1984) *cert denied*, 469 U.S. 828, 105 S. Ct. 112 (1984); *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 270 (1981).

19.     You may award punitive damages if you find either that Defendant's management actually derived satisfaction from hurting Ms. Berry <u>or</u> if Defendant's management, while not having any particular desire to hurt Ms. Berry trampled on Ms. Berry's   rights in a fashion that fairly can be called reckless.

Authority:

*Smith v. Wade,* 461 U.S. 30, 103 S.Ct. 1625(1983); *Keenan v. City of Philadelphia,* 983 F.2d 459, 471 (3d Cir. 1992); *Soderbeck v. Burnett County,* 752 F.2d 285,289 (7th Cir. 1985) *cert denied,* 471 U.S. 1117 (1985); *Kolstad v. American Dental Association,* 119 S.Ct. 2118, 2126(1999).

Approved_____          Denied_____          Approved as Modified_____

20.    There is no requirement that Ms. Berry show a pattern of wrongdoing for punitive damages to be awarded; a single act, which is either malicious or recklessly indifferent to Plaintiff's federally protected rights will suffice.

Authority:

*Kolstad v. American Dental Association,* 119 S.Ct. 2118, 2125-26(1999); *Rowlett v. Anheuser-Busch*, 832 F.2d 194,206 (1st Cir. 1987).

Approved_____          Denied_____          Approved as Modified_____

Respectfully submitted,

SAMUEL J. CORDES & ASSOCIATES

/S/ Samuel J. Cordes
Samuel J. Cordes
John E. Black, III

Pa.I.D. No. 54874 (Cordes)
Pa.I.D. No. 83728 (Black)

245 Fort Pitt Boulevard
Pittsburgh, PA 15222
(412) 471-8500

Attorneys for Plaintiff