## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASHLEY BERRY, | ) | |
| | ) | |
| Plaintiff, | ) | 2: 08-cv-0205 |
| v. | ) | |
| | ) | |
| GEORGETOWN INN, LTD., | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER OF COURT

In anticipation of trial, Plaintiff has filed two Motions in Limine. The Motions have been fully briefed and are ready for disposition. The Motions will be addressed seriatim.

### Motion in Limine to Exclude Evidence of EEOC Findings
**(Document No. 46)**

Pursuant to Federal Rule of Evidence 403, Plaintiff seeks to exclude evidence of (i) the EEOC Dismissal and Notice of Rights and (ii) the EEOC's Investigative Report / Pre-Determination Contact form. Defendant responds that (i) there is no showing that the report is untrustworthy and (ii) that Plaintiff has indicated that she intends to call EEOC investigator, Frank Rodia, as a witness and therefore, Defendant should be permitted to introduce the EEOC Dismissal and Notice of Rights and the EEOC's investigative report in order to rebut the implication that it has done "something wrong."

Under Federal Rule of Evidence 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. The United States Court of Appeals for the Third

Circuit has stated that "[t]he weight of the case law holds that Rule 403 may operate on an EEOC report, and that the decision of whether or not an EEOC Letter of Determination is more probative than prejudicial is within the discretion of the trial court and to be determined on a case by case basis." *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1345 (3d Cir. 2002)(citations omitted).

Plaintiff objects to the introduction of the EEOC Dismissal and Notice of Rights and the EEOC's Investigative Report / Pre-Determination Contact form under Federal Rule of Evidence 403 arguing that the "slight (if any) probative value [of these documents] is substantially outweighed by the danger of unfair prejudice and jury confusion." Mot. at ¶ 7.

The Court agrees that the probative value of the EEOC's Dismissal and Notice of Rights is low and substantially outweighed by confusion and unfair prejudice. In this case, there appears to be little probative value to the Dismissal and Notice of Rights. Simply stated, the form appears to be the standard EEOC form 161 (3/98 version), with the standard information identifying the Complainant (Plaintiff) and the EEOC charge number assigned by the Pittsburgh area EEOC office. *See*, Doc. # 46 at Exhibit 1. Beyond that, the report annotates the determination reached by the EEOC which forms the basis for the decision to close its file. Specifically, the Dismissal and Notice of Rights states:

> The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

*Id.* The Court fails to see how that which is essentially a non-decision on the part of the EEOC demonstrates any tendency to make the existence of a fact of consequence to the determination of

this action more or less probable than it would be without the evidence. Even assuming, *arguendo*, the Dismissal and Notice of Rights had marginal probative value, any such value would be considerably outweighed by a number of concerns. This document originates from an authoritative government agency, and speaks in terms of an undefined adjudicative process culminating in a conclusory "determination" that the evidence presented to the EEOC did not establish a violation. A jury could easily confuse the meaning of the document as suggestive of the jury's ultimate legal question. Further, in order for any kind of proper context to be provided for the relevance of this determination itself would require the needless presentation of cumulative evidence, namely, an itemization of what evidence was presented and considered by the EEOC. As such, Plaintiff's motion to exclude the EEOC Dismissal and Notice of Rights is **GRANTED.**

Plaintiff also seeks to exclude the EEOC's Investigative Report / Pre-Determination Contact form prepared by Investigator Frank Rodia. Plaintiff argues that the introduction into evidence of the Investigative Report / Pre-Determination Contact form would mislead the jury as substantive evidence that Defendant did not violate the law. Plaintiff has listed Frank Rodia as a trial witness and concedes that the jury "certainly can be made aware of" the facts of his investigation, but that the report itself is unreliable and untrustworthy.

At first blush, the Court tends to agree with Plaintiff that the probative value of the EEOC's Investigative Report / Pre-Determination Contact form is low and substantially outweighed by confusion and unfair prejudice. Similar to the Dismissal and Notice of Rights, in order for any kind of proper context to be provided for the relevance of the EEOC's Investigative Report / Pre-Determination Contact  form this determination itself would require

the needless presentation of cumulative evidence, namely, an itemization of what evidence was presented and considered by the Investigator in preparing the Report.

Furthermore, the EEOC's Investigative Report / Pre-Determination Contact form may also be untrustworthy and unreliable as many of the conclusions of the Investigative Report / Pre-Determination Contact form appear to be based on Plaintiff having allegedly not followed certain policies, the existence of which is in dispute.

However, with that said, Plaintiff is cautioned that if Investigator Frank Rodia is in fact called as a trial witness, Plaintiff runs the risk of opening the door to the EEOC Investigative Report / Pre-Determination Contact form being admissible, as the jury will know that the case went before the EEOC. Accordingly, at this time, the Court will withhold its decision on the admissibility of the EEOC Investigative Report / Pre-Determination Contact form until such time as Investigator Frank Rodia has or has not testified at trial.

**Motion in Limine to Preclude Evidence of Lost Wages or Mitigation to the Jury
Because Those Damages are Equitable and are Decided by the Court
Document No. 47**

Pursuant to Federal Rules of Evidence 401 and 402, Plaintiff seeks to preclude any evidence of lost wages or mitigation to the jury because those damages are equitable and are to be determined by the Court, not the jury.

Federal Rule of Evidence 401 provides that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Federal Rule of Evidence 402 provides that "all relevant evidence is admissible." Fed.R.Evid. 402.

Defendant acknowledges that back pay is an equitable remedy to be decided by the Court. However, Defendant notes that it should be allowed to offer evidence of Plaintiff's mitigation efforts and her wage loss because "Plaintiff . . . has requested that the Court award her compensatory damages as well as lost wages."" Response at ¶ 3. Defendant further notes that "compensatory damages include future pecuniary losses, economic pain, suffering, inconvenience and mental anguish, the loss of enjoyment of life and other non-pecuniary losses." *Id*. (*citing Landraf v. USI Film Products*, 511 U.S. 244 (1994) and *Spencer v. WalMart Stores, Inc*., 469 F.3d 311 (3d Cir. 2006)).

In this regard, Defendant further argues that "the fact that the Plaintiff almost immediately obtained a job with higher pay, benefits which were not available when working for the Defendant, and better working hours, are issues which the jury is entitled to consider in determining whether Plaintiff has suffered any injury which would entitle her to compensatory damages." Response at ¶ 4.

In rebuttal, Plaintiff argues that she is "only seeking compensatory damages for suffering, extreme emotional distress, depression, inconvenience and humiliation." She "will offer no evidence that she suffered any emotional (sic) damage as a result of any loss of income or earning power that occurred as a result of her termination." Reply at 2. Accordingly, Plaintiff contends that because she is not claiming loss of earning power or "economic pain," her wage loss is not relevant to compensatory damages or any other issue the jury is to decide.

Given that Plaintiff has represented that she will offer no evidence that she suffered any economic damage as a result of any loss of income or earning power that occurred as a result of her termination, the Court finds that any evidence of lost wages or mitigation are not relevant to

5

the jury's determination of the issues in this case and must be precluded under Rules 401 and 402 of the Federal Rules of Evidence.

Accordingly, based on the foregoing, Plaintiff's Motion in Limine to Preclude Evidence of Lost Wages or Mitigation is **GRANTED** and Defendant is precluded from presenting any evidence of lost wages or mitigation to the jury.  However, if Plaintiff opens the door on these issues, the Defendant will be able to present evidence of why Plaintiff has not been financially harmed as a result of the termination of her employment by Defendant.

So **ORDERED** this 18th day of February, 2010.

>                                BY THE COURT:
>
>                                s/  Terrence F. McVerry
>                                United States District Court Judge

cc:     Samuel J. Cordes, Esquire
        Samuel J. Cordes & Associates
        Email: scordes@ocmilaw.com

        John E. Black , III, Esquire
        Samuel J. Cordes & Associates
        Email: jblack@ocmilaw.com

        Michael F. Fives
        Michael F. Fives & Associates
        Email: mff@fiveslaw.com